## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ARSENAL INTERMEDIATE HOLDINGS, LLC, *et al.*,[1] | Case No. 23-10097 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Ref Docket. Nos. 131, 168, 177, 188, 269 & 280** |

## ORDER CONFIRMING AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF ARSENAL INTERMEDIATE HOLDINGS, LLC AND ITS AFFILIATED DEBTORS

Arsenal Intermediate Holdings, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"):

a. commenced, on January 26, 2023 (the "Petition Date"), the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under Subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101–532 (the "Bankruptcy Code");

b. continued to operate their businesses and manage their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

c. filed, on March 1, 2023, the Debtors' Subchapter V Status Report pursuant to section 1188 of the Bankruptcy Code [Docket No. 119] (the "Status Report");

d. filed, on March 9, 2023, the *Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket No. 131] (as may be modified, amended, or supplemented from time to time, the "Plan");[2]

e. filed, on March 22, 2023, March 28, 2023, March 29, 2023, May 19, 2023, and May 22, 2023 amended versions of the Plan [Docket Nos. 168, 177, 188, 269, & 280]

f. caused the notices of the Confirmation Hearing and the deadline for objecting to confirmation of the Plan (the "Confirmation Hearing Notices") to be distributed on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Arsenal Intermediate Holdings, LLC (2513), Arsenal Insurance Management, LLC (3990), and Arsenal Health, LLC (5247). The Debtors' mailing address for the purposes of these chapter 11 cases is 7027 Halcyon Park Drive, Montgomery, Alabama 36117, c/o 3H Agent Services, Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Plan.

or about March 28, 2023, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order (I) Fixing the Date, Time, and Place for the Hearing to Consider Confirmation of the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors and the Deadline for Filing Objections Thereto; (II) Approving Form and Notice for the Confirmation Hearing; and (III) Granting Related Relief* (the "Confirmation Hearing Order") [Docket No. 181], as evidenced by, among other things, the Affidavit of Service of Alex Orchowski, [Docket No. 233] (the "Confirmation Hearing Notices Affidavit");

g. filed, on April 19, 2023, the *Notice of Filing of Plan Supplement* and, on April 20, 2023, the *Notice of Filing of Exhibit A to Plan Supplement for the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket Nos. 215 & 216] (the "Plan Supplement");

h. filed, on May 19, 2023, the *Notice of Filing of Blackline of Exhibit A to Plan Supplement for the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket No. 271];

i. filed, on May 19, 2023, the *Declaration of Michael Wyse in Support of Confirmation of the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket No. 268] (the "Wyse Declaration"); and

j. filed, on May 19, 2023, the *Memorandum of Law in Support of the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket No. 273] (the "Confirmation Brief").

k. filed, on May 22, 2023, the *Notice of Filing Amended Exhibits C and D of the Plan Supplement for the Amended Joint Chapter 11 Plan of Liquidation of Arsenal Intermediate Holdings, LLC and its Affiliated Debtors* [Docket No. 282].

This Bankruptcy Court having:

l. set April 26, 2023 as the deadline for filing objections in opposition to the Plan;

m. scheduled May 23, 2023 at 10:00 a.m. (prevailing Eastern Time) as the date and time for the commencement of the Confirmation Hearing in accordance with Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, 1129, and 1191 of the Bankruptcy Code;

n. reviewed the Plan, the Plan Supplement, the Wyse Declaration, the Confirmation Brief, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

o. reviewed the Status Report;

p. held a status conference with respect to the Status Report on March 15, 2023;

q. held a hearing on the use of an opt-out form in connection with the third party releases in the Plan on March 23, 2023;

r.    held the Confirmation Hearing;

s.    heard statements and arguments made by counsel with respect to Confirmation;

t.    considered all oral representations, live testimony, written direct testimony, designated deposition testimony, exhibits, documents, filings, and other evidence presented at the Confirmation Hearing;

u.    entered rulings on the record at the Confirmation Hearing held on May 23, 2023 (the "Confirmation Ruling");

v.    overruled any and all objections to the Plan and to Confirmation and all statements and reservations of rights not consensually resolved, agreed to, or withdrawn, unless otherwise indicated; and

w.    taken judicial notice of all papers and pleadings filed in the Chapter 11 Cases; and all evidence proffered or adduced and all arguments made at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases.

NOW, THEREFORE, the Bankruptcy Court having found that notices of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted in the Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order.

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY FOUND AND DETERMINED THAT:

### A.    Finding of Fact and Conclusions of Law.

1.    The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation

Order to the extent not inconsistent herewith. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, it is adopted as such.

**B.    Jurisdiction and Venue.**

2.    Venue in this Bankruptcy Court was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors have confirmed their consent, pursuant to Bankruptcy Rules 7008 and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Bankruptcy Court. This Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**C.    Eligibility for Relief.**

3.    The Debtors were and continue to be entities eligible for relief under sections 109 and 1182 of the Bankruptcy Code and Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act of 2019, Pub. L. No. 116-54, effective February 19, 2020, as amended. The Debtors are the proper proponents of the Plan for purposes of section 1189 of the Bankruptcy Code.

**D.       Commencement and Joint Administration of the Chapter 11 Cases.**

4.       On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V of the Bankruptcy Code.  On January 27, 2023, the Bankruptcy Court entered an order [Docket No. 27] authorizing the joint administration of the Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**E.       Appointment of the Subchapter V Trustee.**

5.       On January 25, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed William A. Homony as the Subchapter V Trustee pursuant to section 1183(a) of the Bankruptcy Code [Docket No. 12].

**F.       Plan Supplement.**

6.       The Plan Supplement complies with the terms of the Plan, and the Debtors provided good and proper notice of the filing thereof in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the facts and circumstances of the Chapter 11 Cases.  No other or further notice is or will be required with respect to the Plan Supplement.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan, the Debtors have reserved the right to alter, amend, update, or modify the Plan Supplement before the Effective Date, subject to compliance with the Plan, the Bankruptcy Code, and the Bankruptcy Rules.

**G.      Judicial Notice; Objections Overruled.**

7.      The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation) the docket of these Chapter 11 Cases maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during these Chapter 11 Cases.  Any resolution or disposition of objections to Confirmation explained or otherwise ruled upon by the Bankruptcy Court on the record at the Confirmation Hearing is hereby incorporated herein by reference.  All unresolved objections, statements, and reservations of rights are hereby overruled on the merits.

**H.      Transmittal and Mailing of Materials; Notice.**

8.      The Debtors provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing Notices, the Plan Supplement, and all the other materials distributed by the Debtors in connection with the Confirmation of the Plan in compliance with the Bankruptcy Rules, including Bankruptcy Rules 2002(b) and 3020(b), the Local Rules, and the procedures set forth under Subchapter V of the Bankruptcy Code.  The Debtors provided due, adequate, and sufficient notice of the deadline to object to the Plan, the Confirmation Hearing, and any applicable bar dates and hearings in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. No other or further notice is or shall be required.

**I.      No Voting.**

9.      Section 1191(b) of the Bankruptcy Code eliminates section 1129(10)'s requirement of an impaired accepting class, such that creditor votes need not be solicited in a case under Subchapter V.  *See* [Docket No. 176].  Accordingly, votes on the Plan were not solicited.

**J. Bankruptcy Rule 3016.**

10.     The Plan and all modifications thereto are dated and identify the Entities submitting them, thereby satisfying Bankruptcy Rule 3016(a).  The contents of the Plan contain the information required under the Bankruptcy Code and the Bankruptcy Rules, including section 1190(1) of the Bankruptcy Code.  Pursuant to section 1181(b) of the Bankruptcy Code, a separate disclosure statement is not needed.  The injunction, release, and exculpation provisions in the Plan describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the entities that will be subject to the injunction, thereby satisfying Bankruptcy Rule 3016(c).

**K.     Compliance with the Requirements of Section 1129 and 1191 of the Bankruptcy Code.**

11.     The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

**Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.**

12.     The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, as required by section 1129(a)(1) of the Bankruptcy Code.

**Sections 1122 and 1123(a)(1)—Proper Classification.**

13.     The Plan satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.  Article 2 of the Plan provides for the separate classification of Claims and Interests into six different Classes, based on differences in the legal nature or priority of such Claims and Interests and/or the consent of certain Holders of such Claims to such separate classification (other than DIP Claims, Administrative Expenses, Professional Fee Claims, and Priority Tax Claims, which are also addressed in Article 2 of the Plan but are not required to be designated as separate Classes by section 1123(a)(1) of the Bankruptcy Code).  Valid business,

factual, and legal reasons exist for the separate classification of such Claims and Interests, and such classifications were not implemented for any improper purpose and do not unfairly discriminate between, or among, holders of Claims and Interests. Each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

**Section 1123(a)(2)—Specification of Unimpaired Classes.**

14. The Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code. Article 2 of the Plan specifies the treatment of each Class of Claims or Interests that is not Impaired under the Plan.

**Section 1123(a)(3)—Specification of Treatment of Impaired Classes.**

15. The Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code. Article 2 of the Plan specifies the treatment of each Impaired Class under the Plan.

**Section 1123(a)(4)—No Discrimination.**

16. The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. Article 2 of the Plan provides the same treatment to each Claim or Interest in any particular Class, as the case may be, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.

**Section 1123(a)(5)—Adequate Means for Plan Implementation.**

17. The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan and the various documents included in the Plan Supplement provide adequate and proper means for the Plan's execution and implementation, including provisions regarding the Liquidating Trust, Effective Date transactions and transfers, and the funding of the Plan.

**Section 1123(a)(6)—Non-Voting Equity Securities.**

18. The Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code. The Plan does not provide for the issuance of non-voting equity securities.

**Section 1123(a)(7)—Trustees.**

19. The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. The identity and affiliation of the Liquidating Trustee is set forth in the Plan Supplement. The Liquidating Trustee shall act as the custodian of the Customer Trust Funds until the appointment of an Independent Fiduciary.

**Section 1123(b)—Discretionary Contents of the Plan.**

20. The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan satisfies section 1123(b).

**Section 1123(b)(1) —Impairment/Unimpairment of Any Class of Claims or Interests.**

21. Article 2 of the Plan impairs or leaves Unimpaired, as the case may be, each Class of Claims and Interests, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

**Section 1123(b)(2)—Assumption and Rejection of Executory Contracts and Unexpired Leases.**

22. Article 2, section 2.4 of the Plan provides for the assumption or rejection of the Debtors' Executory Contracts and Unexpired Leases that have not been previously assumed, assumed and assigned, or rejected pursuant to section 365 of the Bankruptcy Code and orders of the Court.

**Section 1123(b)(3)(A)— Releases, Exculpations, and Injunctions.**

23. Under the facts and circumstances of the Chapter 11 Cases, the releases, exculpations, and injunctions provided for in the Plan are: (i) within the jurisdiction of this

Bankruptcy Court under 28 U.S.C. § 1334, (ii) an appropriate exercise of the Debtors' business judgment, (iii) integral elements of the transactions incorporated into the Plan and inextricably bound with the other provisions of the Plan, (iv) in exchange for good and valuable consideration provided by the Released Parties, (v) in the best interests of the Debtors, the Estates, and all Holders of Claims and Interests that are Releasing Parties, (vi) fair, equitable, and reasonable, (vii) given and made after due notice and an opportunity to object and be heard with respect thereto, as the Plan, the Confirmation Hearing Notices, and the Opt-Out Form each unambiguously state that the Plan contains certain release, exculpation, and injunction provisions, and therefore such releases are consensual as they pertain to Holders of Claims and Interests, (viii) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and other applicable law, and (ix) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties as and to the extent provided for in the Plan and this Confirmation Order.

**Section 1123(b)(3)(B)—Preservation of Claims and Causes of Action.**

24.     Section 2.5(E) of the Plan appropriately provides for the preservation by the Debtors of certain Retained Causes of Action in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Causes of Action not released by the Debtors or exculpated under the Plan shall vest in the Liquidating Trust as provided by the Plan. .

25.     The Liquidating Trustee shall have the sole authority to investigate, analyze, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, or otherwise deal with and settle, in accordance with the terms set forth in this Liquidating Trust Agreement, all claims, rights or Retained Causes of Action of the Debtors, the Debtors' Estates, the Liquidating Trust or the Liquidating Trustee, except for any such claims, rights or causes of action that (i) have been

released under the Plan or (ii) that arise solely under ERISA (the "ERISA Actions"). Where an action the Liquidating Trustee wishes to bring involves both non-ERISA claims and claims under ERISA (a "Mixed Action"), the Liquidating Trustee shall first consult with the Department of Labor. If the Liquidating Trustee and the Department of Labor cannot agree on matters involving the commencement of a Mixed Action, such dispute will be resolved by the Bankruptcy Court. The Department of Labor shall have the authority to investigate, analyze, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, or otherwise deal with and settle the ERISA Actions, including the pending adversary proceeding *Arsenal Health, LLC v. Iron Reinsurance Company, Inc. (In re Arsenal Intermediate Holdings, LLC)*, Case No. 23-50340 (CTG) (the "Adversary Proceeding"). The Debtors and the Liquidating Trustee shall reasonably cooperate with the Department of Labor to take the steps required for the Department of Labor to become a party to the Adversary Proceeding.

26. To the extent any judgment or settlement results in proceeds from any ERISA Action, including the Adversary Proceeding, that are not Customer Trust Funds, the Department of Labor, in consultation with the Liquidating Trustee, shall determine the appropriate allocation of such proceeds or seek Court determination of the appropriate allocation of such proceeds.

**Section 1123(b)(4)—Sale of Debtors' Property.**

27.     The Plan does not provide for the sale of all or substantially all of the Debtors' property.  Accordingly, section 1123(b)(4) is not applicable.

**Section 1123(b)(5)—Treatment of Claims and Interests.**

28.     In accordance with section 1123(b)(5) of the Bankruptcy Code, Article 2 of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims and Interests in each Class.

**Section 1123(b)(6)—Additional Provisions.**

29.     In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

**Lien Releases.**

30.     Except as otherwise specifically provided in this Confirmation Order or the Plan, on the Effective Date, all Liens on any property of the Debtors shall automatically terminate, all property subject to such liens shall be automatically released, and all guarantees of any Debtors shall be automatically discharged and released.  For the avoidance of doubt, the Liens securing the DIP Claims shall also be released as part of the Beyond Risk Settlement.

**Section 1129(a)(2)—Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code.**

31.     The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1126, 1128, 1129, 1181(b), 1190, and 1191 of the Bankruptcy Code.  The Debtors and their agents have negotiated the Plan in good faith and in a manner consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all

other applicable rules, laws, and regulations and are entitled to the protections afforded by the Exculpation provisions set forth in Article 5, Section 5.3 of the Plan.

32.     The Debtors and their agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and therefore the Debtors and the Liquidating Trust, as applicable, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

**Section 1129(a)(3)—Proposal of Plan in Good Faith.**

33.     The Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation.  The Debtors' good faith is evident from the facts and the record of the Chapter 11 Cases and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases.

34.     The Plan is the product of good faith, arm's-length negotiations by and among the Debtors, the Debtors' officers and managers, including the Debtors' Chief Restructuring Officer, and certain of the Debtors' principal stakeholders involved in the Chapter 11 Cases, including the DIP Lender, the Subchapter V Trustee, and the Department of Labor.  The Plan itself and the process leading to its formulation provide independent evidence of the Debtors' and such other parties' good faith, serve the public interest, and assure fair treatment of holders of

Claims and Interests. Consistent with the overriding purpose of chapter 11, the Debtors commenced the Chapter 11 Cases, and the Plan was negotiated and proposed, with the legitimate purpose of maximizing stakeholder value and for no ulterior purpose.

**Section 1129(a)(4)—Payments by Debtors.**

35. The procedures set forth in the Plan for this Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**Section 1129(a)(5)—Disclosure of Liquidating Trustee and Consistency with the Interests of Creditors and Public Policy.**

36. To the extent known, the Debtors have disclosed the identities and affiliations of the individual proposed to serve, after confirmation of the Plan, as the Liquidating Trustee. The identity and affiliation of the Liquidating Trustee was disclosed in the Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Moreover, the Liquidating Trustee will serve as custodian of the Customer Trust Funds until the appointment of an Independent Fiduciary Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the Liquidating Trustee and the Independent Fiduciary is consistent with the interests of creditors and with public policy.

**Section 1129(a)(7)—Best Interests of Holders of Claims and Interests.**

37.     The Debtors have demonstrated that the Plan is in the best interests of their creditors and equity holders and the requirements of section 1129(a)(7) of the Bankruptcy Code are satisfied.  The evidence in support of the Plan that was proffered or adduced prior to or at the Confirmation Hearing, and the facts and circumstances of the Chapter 11 Cases, establishes that each holder of Allowed Claims or Interests in each Class will recover as much or more value under the Plan on account of such Claim or Interest, as of the Effective Date, than the amount such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

**Section 1129(a)(8)—Conclusive Presumption of Acceptance by Unimpaired Classes; Fairness of Plan with Respect to Deemed Rejecting Classes.**

38.     The Plan has not been accepted by all Impaired Classes of Claims and Interests.   Nevertheless, the Plan is confirmable because it satisfies section 1191(b) of the Bankruptcy Code, which provides that the Debtors are not required to satisfy section 1129(a)(8) of the Bankruptcy Code if the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that are impaired under the Plan and have not accepted the Plan.

**Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

39.     Except to the extent that a holder of a particular Claim has agreed to different treatment, the treatment of Administrative Claims, Professional Fee Claims, DIP Claims, Priority Non-Tax Claims, and Priority Tax Claims under Article 2 of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

**Section 1129(a)(10)—Acceptance by at Least One Impaired Class.**

40.     The Debtors did not solicit votes on the Plan and, accordingly, no Class of Impaired Claims under the Plan has accepted the Plan.  Nevertheless, the Plan satisfies section 1191(b) of the Bankruptcy Code, which provides that the Plan may be confirmed without an accepting impaired class if the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims and interests that has not accepted the Plan.

**Section 1129(a)(11)—Feasibility of the Plan.**

41.     Based on the testimony at the Confirmation Hearing regarding the consideration provided by the Beyond Risk Settlement and the value of the Debtors' assets, the Plan sets forth means of payment of the Debtors' obligations under the Plan in accordance with the Bankruptcy Code and Bankruptcy Rules and is feasible.  Because the Plan and the Liquidating Trust Agreement provide for the liquidation of all of the Debtors' assets, confirmation cannot be followed by any liquidation in addition to that prescribed by the Plan or the Liquidating Trust Agreement, nor would confirmation be followed by the need for further financial reorganization.  Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

**Inapplicable Provisions.**

42.     Sections 1129(a)(6), 1129(a)(12), 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Cases.

**Section 1191(b) —Nonconsensual Confirmation.**

43.     Classes 4, 5, and 6 have been deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Notwithstanding the foregoing rejection, the Plan satisfies the requirements of sections 1129 and 1191(b) of the Bankruptcy Code and, accordingly, can be confirmed.  The Plan meets the applicable requirements of section 1129(a) of this title and does

not discriminate unfairly.  The Plan is fair and equitable with respect to each Class of Claims that is impaired under, and has not accepted, the Plan.

**Section 1129(d)—Principal Purpose of the Plan.**

44.     No party in interest, including, but not limited to, any governmental unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the Court deny Confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, and the principal purpose of the Plan is not such avoidance.  All documents necessary to implement the Plan, including the documents contained in the Plan Supplement and all other relevant and necessary documents, have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not in conflict with any federal or state law.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**Satisfaction of Confirmation Requirements.**

45.     Based upon the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Debtors, as proponents of the Plan, have met their burden of proving all the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code, as modified by section 1191 of the Bankruptcy Code.

**Good Faith.**

46.     The Debtors have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of their stakeholders.  The Plan is the product of extensive collaboration among the Debtors and key stakeholders and accomplishes this goal.  Accordingly, the Debtors have been, are, and will

continue acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

**Implementation.**

47.    All documents and agreements necessary to implement the transactions contemplated by the Plan, including those contained or summarized in the Liquidating Trust Agreement, and all other relevant and necessary documents have been negotiated in good faith and at arms'-length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The documents and agreements are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtors, the estates, and the holders of Claims and Interests. The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtors, Liquidating Trustee, and Beyond Risk, as applicable, are authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

## II.    <u>ORDER</u>

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

48.    The Plan attached hereto as **<u>Exhibit A</u>** is CONFIRMED under sections 1129 and 1191 of the Bankruptcy Code, and each of its provisions (whether or not specifically described herein) is approved in its entirety except to the extent modified herein.

49.    This Confirmation Order approves the Plan Supplement (including specifically, and without limitation, the Liquidating Trust Agreement) and authorizes the parties to execute the documents contained therein, as they may be amended by this Confirmation Order or otherwise through and including the Effective Date in accordance with and as permitted by the Plan.  The terms of the Plan and the exhibits thereto are incorporated herein by reference and are an integral part of this Confirmation Order; provided that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control solely to the extent of such conflict.

50.    The terms of the Plan, all exhibits thereto, and this Confirmation Order shall be effective and binding as of the Effective Date on all parties in interest, including, but not limited to: (a) the Debtors; (b) Beyond Risk; and (c) all holders of Claims and Interests.

51.    The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document, agreement, or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document, agreement, or exhibit are approved in their entirety.

### A.  Objections.

52.  To the extent that any objections (including any reservations of rights contained therein) to Confirmation have not been withdrawn, waived, or settled before entry of this Confirmation Order, are not cured by the relief granted in this Confirmation Order, or have not been otherwise resolved as stated on the record of the Confirmation Hearing, all such objections (including any reservation of rights contained therein) are hereby overruled in their entirety and on their merits.

### B.  Findings of Fact and Conclusions of Law.

53.  The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation, including the Confirmation Ruling, are hereby incorporated into this Confirmation Order.  To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such.  To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, it is adopted as such.

### C.  Modifications to the Plan.

54.  The Plan may be amended, modified, or supplemented by the Debtors in the manner provided for by section 8.6 of the Plan, section 1193 of the Bankruptcy Code or as otherwise permitted by law, without additional disclosure, except as otherwise ordered by the Court.  In addition, after the Confirmation Date, so long as such action does not materially and

adversely affect the treatment of holders of Allowed Claims pursuant to the Plan, the Debtors may remedy any defect or omission or reconcile any inconsistencies in the Plan or this Order with respect to such matters as may be necessary to carry out the purposes or effects of the Plan.

### D. Plan Classification Controlling.

55. The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder.

### E. Transactions and Corporate Action.

56. The Debtors and the Liquidating Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and the transactions set forth therein, and to execute, enter into, or otherwise make effective all documents arising in connection therewith prior to, on, and after the Effective Date.

57. On the Effective Date, the officers of the Debtors and the Liquidating Trustee, as applicable, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors.

58. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Liquidating Trustee, the Debtors, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

59. The Debtors and the Liquidating Trustee, as the case may be, and their respective officers, members, agents, and attorneys, and financial advisors are authorized and

empowered from and after the date hereof to negotiate, execute, issue, deliver, implement, file, or record any contract, instrument, release, or other agreement or document related to the Plan, as the same may be modified, amended and supplemented, and to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms and the terms hereof, or take any or all corporate actions authorized to be taken pursuant to the Plan or this Confirmation Order, whether or not specifically referred to in the Plan or any exhibit thereto. To the extent applicable, any or all such documents shall be accepted upon presentment by each of the respective state filing or recording offices and filed or recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

**F.    The Liquidating Trust and Vesting of Assets in the Liquidating Trust.**

60.    On the Effective Date, the Debtors shall execute the Liquidating Trust Agreement and take all steps necessary to establish the Liquidating Trust.

61.    On the Effective Date, each of the Debtors shall transfer and assign the Liquidating Trust Assets to the Liquidating Trust, and such Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, Liens, charges, encumbrances, rights, and Interests except as otherwise specifically provided in the Plan or herein. For the avoidance of doubt, Customer Trust Funds are not Liquidating Trust Assets but shall vest in the Liquidating Trust for the sole purpose of being transferred to the Independent Fiduciary.

62.    For all purposes under the Plan and all documents related thereto, and subject to the terms of the Liquidating Trust Agreement, the Liquidating Trust shall act through the Liquidating Trustee.

**G.** **Cancellation of Notes, Instruments, Certificates, and Other Documents.**

63. On the Effective Date, except to the extent otherwise provided in the Plan, all notes, instruments, certificates, and other documents evidencing Claims or Interests, shall be deemed cancelled and surrendered without any need for a Holder to take further action with respect thereto and the obligations of the Debtors thereunder or in any way related thereto shall be deemed fully released, settled, and compromised.

**H.** **Approval of Consents and Authorization to Take Acts Necessary to Implement Plan.**

64. This Confirmation Order shall constitute all authority, approvals, and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, and any documents, instruments, securities, or agreements, and any amendments or modifications thereto.

**I.** **The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

65. The releases, injunctions, exculpations, and related provisions set forth in Article 5 of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of the Bankruptcy Court or any other party.

**J.** **Treatment of Executory Contracts and Unexpired Leases.**

66. The provisions governing the treatment of Executory Contracts and Unexpired Leases set forth in section 2.4 of the Plan (including the procedures regarding the

resolution of any and all disputes concerning the assumption or rejection, as applicable, of such Executory Contracts and Unexpired Leases) shall be, and hereby are, approved in their entirety.

67. Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption or rejection of certain Executory Contracts and Unexpired Leases, effective as of the Effective Date except where otherwise indicated. The Debtors' determinations regarding the assumption or rejection of Executory Contracts and Unexpired Leases are based on and within the sound business judgment of the Debtors, are necessary to the implementation of the Plan and are in the best interests of the Debtors, their Estates, holders of Claims and Interests and other parties in interest in the Chapter 11 Cases.

68. On the Effective Date, except as otherwise provided in the Plan or herein, each Executory Contract and Unexpired Lease shall be deemed automatically rejected by the applicable Debtor as of the Effective Date other than any Executory Contracts and Unexpired Leases that: (a) have been previously assumed, assumed and assigned, or rejected pursuant to a Bankruptcy Court order; (b) are the subject of a motion to assume, assume and assign, or reject such Executory Contract or Unexpired Lease (or a pending Filed objection with respect to the proposed assumption, assumption and assignment, or rejection of such Executory Contract or Unexpired Lease) that is pending on the Effective Date; or (c) are a contract, release, or other agreement or document entered into in connection with the Plan. The Plan Supplement constituted sufficient notice of the rejection of the Executory Contracts and Unexpired Leases listed thereon. This Confirmation Order constitutes approval of such rejections of the Executory Contracts or Unexpired Leases as set forth in the Plan or the Plan Supplement pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Proofs of Claims with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases must be Filed in accordance with the terms of the

Plan. Valid Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as Class 4 General Unsecured Claims and shall be treated in accordance with Article 2 of the Plan.

### K. Provisions Governing Distributions.

69. The distribution provisions of Article 2 of the Plan shall be, and hereby are, approved in their entirety. Except as otherwise set forth in the Plan or this Confirmation Order, the Liquidating Trust shall make all distributions required under the Plan. The timing of distributions required under the Plan or this Confirmation Order shall be made in accordance with and as set forth in the Plan or this Confirmation Order, as applicable.

70. On the Effective Date, the Liquidating Trust shall be established pursuant to the terms of the Plan and Liquidating Trust Agreement. William A. Homony is hereby approved as the initial Liquidating Trustee in accordance with this Confirmation Order, the Plan, and the Liquidating Trust Agreement. The Liquidating Trustee shall be compensated from, and all other costs of administration of the Liquidating Trust shall be paid from, the Liquidating Trust Funding Amount and the General Account. The Liquidating Trustee shall not be required to post a bond or other security in connection with its obligations under the Liquidating Trust Agreement, other than a bond required under section 412 of ERISA with respect to the assets held in the Health Care Fiduciary Account. Following the Effective Date, only the Liquidating Trustee shall have the authority to File objections to Claims and to settle, compromise, withdraw, or litigate to judgment objections to Claims. The Liquidating Trustee may settle or compromise any Disputed Claim in accordance with the Plan and the Liquidating Trust Agreement.

**L. Release of Liens.**

71. Except as otherwise specifically provided in this Confirmation Order, the Plan, or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, or executed in connection therewith, to implement the Plan, on the Effective Date, all Liens on any property of any Debtors shall automatically terminate, all property subject to such Liens shall be automatically released, and all guarantees of any Debtors shall be automatically discharged and released. For the avoidance of doubt, the Liens securing the DIP Claims shall be released in accordance with the Beyond Risk Settlement.

**M. Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

72. In accordance with Bankruptcy Rules 2002 and 3020(c), no later than five business days after the Effective Date, the Debtors or the Liquidating Trustee must cause notice of Confirmation and occurrence of the Effective Date (the "Notice of Effective Date") to be posted on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, and served by email or, if email is not available, United States mail, first-class postage prepaid to all parties requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

73. Professionals or other Entities asserting a Professional Fee Claim for services rendered prior to the Effective Date must File an application for final allowance of such Professional Fee Claim no later than forty-five (45) days after the Effective Date. The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing. The Liquidating Trustee shall pay Professional Fee Claims that are Allowed by Final Order following the Effective Date from the Professional Fee Reserve. The fees of the Subchapter V Trustee shall be treated as Professional Fee Claims.

74.     Except as otherwise provided in the Plan or herein, requests for payment of Administrative Claims must have been Filed and served within thirty (30) days after the Effective Date.  Holders of Administrative Claims that were required to File and serve a request for such payment of such Administrative Claims that did not file and serve such a request by the time specified in the Plan are forever barred from asserting such Administrative Claims against the Liquidating Trust, the Debtors, or their property, and such Administrative Claims shall be deemed discharged as of the Effective Date without the need for any objection from the Debtors or the Liquidating Trust or any action by the Bankruptcy Court.

**N.      Post-Confirmation Opt-Out Reporting**

75.     Within ten (10) days of the Department of Labor and plan participant opt- out deadline, which, for the avoidance of doubt, is September 27, 2023, the Liquidating Trustee shall file a report with the Court showing all persons who timely opted-out of the third party release in section 5.2 of the Plan.

**O.      Texas Comptroller**

76.     Notwithstanding anything to the contrary in the Plan or this Confirmation Order, all rights of the Texas Comptroller of Public Accounts (the "Texas Comptroller") related to any tax claims filed by the Texas Comptroller (including claims against any non-Debtor third parties) are reserved and all parties reserve all rights related thereto, including, but not limited to, the Debtors' and/or the Liquidating Trustee's rights to object to such claims.  The Texas Comptroller shall not be a Releasing Party and affirmatively elects to opt-out of the releases contained in the Plan.  Nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the Texas Comptroller in accordance with 11 U.S.C. § 553.  Nothing provided in the Plan or Confirmation Order shall be construed to preclude the

payment of post-Effective Date interest on the Texas Comptroller's allowed tax claims. The Texas Comptroller is not required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D); *provided*, *however*, that if a dispute arises between the Debtors or the Liquidating Trustee and the Texas Comptroller with respect to a post-petition tax claim(s), the Texas Comptroller may file a proof of claim for such administrative claim with such dispute to be resolved by this Court. The Texas Comptroller's administrative expense claims are allowed upon filing, subject to the Debtors' and/or the Liquidating Trustee's rights to object to such claims on any and all grounds. This provision is not an admission by any party that such tax liability or setoff rights exist.

### P. Notice of Subsequent Pleadings.

77. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Liquidating Trustee and their counsel; (b) the U.S. Trustee; (c) any party known to be directly affected by the relief sought by such pleadings; (d) the Department of Labor and the Independent Fiduciary, to the extent the relief sought by such pleadings affects the Customer Trust Funds or Health Benefit Plans; and (e) any party that specifically requests additional notice in writing to the Debtors or the Liquidating Trustee, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Debtors shall provide notice of the foregoing provision in the Notice of Effective Date.

### Q. Section 1146 Exemption.

78. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto, whether such action is taken by the Debtors, Liquidating Trust, or any other person, shall not be subject to any document recording tax, stamp tax, conveyance fee,

intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

**R.**     **Preservation of Retained Causes of Action.**

79.     Except as otherwise provided in the Plan, the Plan Supplement, the Liquidating Trust Agreement, or this Confirmation Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust shall have vested in it as of the Effective Date, and the Liquidating Trust shall retain and may enforce, any claims, demands, rights, defenses and Retained Causes of Action that the Debtors or the Estates may hold against any Entity. The Liquidating Trustee or their respective successors may pursue such retained claims, demands, rights, defenses or causes of action, as appropriate, and may settle such claims after the Effective Date without notice to parties in interest or approval of this Bankruptcy Court. Notwithstanding anything to the contrary in the Plan or the Liquidating Trust Agreement, however, the Liquidating Trustee may not  bring (or cause any other person, plan, or entity to bring) any causes of action against any of the Released Parties, including, without limitation, any causes of action arising under ERISA.

**S.**      **Effectiveness of All Actions.**

80.      Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, before, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Bankruptcy Court, or further action by the Debtors and their respective officers, managers, or members, and with the effect that such actions had been taken by unanimous action of such officers, managers, or members.

**T.**      **Binding Effect.**

81.      On the date of and after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the terms of the Plan, the final versions of the documents contained in the Plan Supplement, and this Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Trustee and any professionals or other parties assisting and supporting the Liquidating Trustee, any and all holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each Entity acquiring property under the Plan or this Confirmation Order, if any, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors. All Claims and Interests shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any holder of a Claim or Interest has voted on the Plan.

82.      Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, and all documents and agreements executed by the Debtors

as authorized and directed thereunder as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the Liquidating Trustee, and their respective successors and assigns.

83. The Plan, all documents and agreements executed by the Debtors in connection therewith, this Confirmation Order, and all prior orders of the Bankruptcy Court in the Chapter 11 Cases shall be binding against and binding upon and shall not be subject to rejection, modification, or avoidance by any chapter 7 or chapter 11 trustee appointed in any of the Chapter 11 Cases.

**U.    Distributions and Claims Reconciliation.**

84. On and after the Effective Date, the distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims pursuant to the Plan are authorized and, without limiting any other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidating Trustee, the Liquidating Trustee shall be authorized to effectuate such distributions, resolution, and treatment in accordance with the terms of the Plan and the Liquidating Trust Agreement.

**V.    Professional Compensation and Reimbursement Claims.**

85. Except as otherwise specifically provided in the Plan, from and after the Effective Date, the Liquidating Trustee shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses related to the Chapter 11 Cases that are incurred after the Effective Date. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code or the OCP Order in seeking retention or compensation for services rendered after such date shall terminate, and the

Liquidating Trustee may employ and pay any retained professionals in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Code

**W.** **Non-severability of Plan Provisions upon Confirmation.**

86. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order will be effective and enforceable immediately upon its entry. Each term and provision of the Plan, and the transactions related thereto as it heretofore may have been altered or interpreted by the Bankruptcy Court is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified except as provided by the Plan or this Confirmation Order; and (c) non-severable and mutually dependent.

**X.** **Authorization to Consummate.**

87. The Debtors are authorized to consummate the Plan, including the transactions contemplated thereby, at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to Consummation set forth in Article 6 of the Plan. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1192 of the Bankruptcy Code.

**Y.** **Injunctions and Automatic Stay.**

88. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the closing of these Chapter 11 Cases. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect.

**Z.     Termination of Subchapter V Trustee.**

89.     Upon the Effective Date, duties and obligations of the Subchapter V Trustee in these cases shall be terminated.

**AA.     Effect of Conflict Between Plan and Confirmation Order.**

90.     In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the Plan shall control.  In the event of an inconsistency between the Confirmation Order and the Plan, the Confirmation Order shall control.

**BB.     Retention of Jurisdiction.**

91.     This Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases, all matters arising out of or related to the Chapter 11 Cases and the Plan, the matters set forth in Article 5, and other applicable provisions of the Plan.

**CC.     Stay of Confirmation Order Waived**

92.     This Order (a) is intended to be a final order such that the period in which an appeal must be filed shall commence upon the entry hereof, (b) shall be immediately effective and enforceable upon the entry hereof, and (c) for good cause shown, based on the record of the Confirmation Hearing, shall not be subject to any stay otherwise applicable under the Bankruptcy Rules, including Bankruptcy Rules 3020(e) and 6004(h).

**Dated: May 23rd, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**